1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11    L.A. Printex Industries, Inc.,          No.  CV 08-6017 PA (Ex)

12                 Plaintiff,
                                              PROTECTIVE ORDER CONCERNING
13          v.                                CONFIDENTIAL INFORMATION

14    Macy's Inc., et al.,

15                 Defendants.

16

17

18    The Court orders that the discovery and use of proprietary and confidential

19    information in this action shall be governed by the following procedures:

20          1.      In connection with discovery proceedings in this action, the parties may

21    designate any document, thing, material, testimony or other information derived therefrom,

22    as "Confidential" under the terms of this Protective Order (hereinafter "Order").

23    Confidential information is information which has not been made public and which concerns

24    or relates to the alleged infringement of the copyright and breach of contract at issue in this

25    litigation.[1]

26    _____

27    [1]      The type of information as to which good cause for entry of a protective order
      typically can be shown includes trade secrets and other highly confidential commercial
28    information, material required to be kept confidential by state or federal law, or highly
      sensitive personal information such as medical records.

2.     By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.     Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4.     Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5.     Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6.     Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

        (a)     a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

        (b)     experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

-2-

1          (c)     court reporter(s) employed in this action;

2          (d)     a witness at any deposition or other proceeding in this action; and

3          (e)     any other person as to whom the parties in writing agree.

4 Prior to receiving any Confidential Material, each "qualified person" shall be provided with

5 a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment

6 A, a copy of which shall be provided forthwith to counsel for each other party and for the

7 parties.

8      7.    Only qualified persons may attend depositions at which Confidential Material

9 is used or discussed.

10      8.    The parties may further designate certain discovery material or testimony of a

11 highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES

12 ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in

13 paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the information contained

14 therein, shall be disclosed only to the Court, to counsel for the parties (including the

15 paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified

16 persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party,

17 or to an officer, director or employee of a party, unless otherwise agreed or ordered.  If

18 disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other

19 provisions in this order with respect to confidentiality shall also apply.

20      9.    Nothing herein shall impose any restrictions on the use or disclosure by a party

21 of material obtained by such party independent of discovery in this action, whether or not

22 such material is also obtained through discovery in this action, or from disclosing its own

23 Confidential Material as it deems appropriate.

24      10.    If Confidential Material, including any portion of a deposition transcript

25 designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed

26 with the Court, such papers shall be accompanied by an application to (a) file the

27 confidential portions thereof under seal (if such portions are segregable), or (b) file the

28 papers in their entirety under seal (if the confidential portions are not segregable).  The

-3-

1  application shall be directed to the judge to whom the papers are directed.  Pending the

2  ruling on the application, the papers or portions thereof subject to the sealing application

3  shall be lodged under seal.

4        11.    This Order shall be without prejudice to the right of the parties (i) to bring

5  before the Court at any time the question of whether any particular document or information

6  is confidential or whether its use should be restricted or (ii) to present a motion to the Court

7  under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or

8  information, including restrictions differing from those as specified herein.  This Order shall

9  not be deemed to prejudice the parties in any way in any future application for modification

10  of this Order.

11        12.    This Order is entered solely for the purpose of facilitating the exchange of

12  documents and information between the parties to this action without involving the Court

13  unnecessarily in the process.  Nothing in this Order nor the production of any information or

14  document under the terms of this Order nor any proceedings pursuant to this Order shall be

15  deemed to have the effect of an admission or waiver by either party or of altering the

16  confidentiality or nonconfidentiality of any such document or information or altering any

17  existing obligation of any party or the absence thereof.

18        13.    This Order shall survive the final termination of this action, to the extent that

19  the information contained in Confidential Material is not or does not become known to the

20  public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of

21  information disclosed hereunder.  Upon termination of this case, counsel for the parties shall

22  assemble and return to each other all documents, material and deposition transcripts

23  designated as confidential and all copies of same, or shall certify the destruction thereof.

24        IT IS SO ORDERED.

25

26  DATED: March 2, 2009

27  _____

28  Percy Anderson
    UNITED STATES DISTRICT JUDGE

-4-

Attachment A

**Nondisclosure Agreement**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in L.A. Printex Industries, Inc. v. Macy's Inc., et al., United States District Court for the Central District of California, Civil Action No. CV 08-6017 PA (Ex), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED:                                         _____

[Name of Signator Typed]